Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 801
New York, New York 10007
(212) 962-4277
Fax: (212) 619-1358





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
VICTOR LOPEZ

          Plaintiff,

      v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
ANDRES TORIBIO, SHIELD # 10759, RONALDO,
SHIELD # 26610

          Defendants.
-------------------------------------------------------

**Complaint**
Jury Trial Demanded

    Plaintiff, Victor Lopez, (hereinafter "Plaintiff"), by his undersigned counsel, Kenneth W. Richardson, Esq., for his Complaint allege, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1.    This action is arises under 42 U.S.C. § 1981, 1983, 1985 and 1988 for violation of plaintiff's civil rights secured under those statutes as well as under the New York State and United States Constitutions.

### JURISDICTION AND VENUE

2.    This court has jurisdiction over this action under 28 U.S.C. §1331 and 1343. This court also

has mandatory pendant and ancillary jurisdiction over the state law claims under 28 U.S.C. 1367 because the state law claims arise out of the same nucleus of operative facts. Additionally, jurisdiction is had under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Unites States Constitution. A notice of claim was timely filed against the municipality of the City of New York with the Office of the Comptroller on or about September, 2013

3.      As the unlawful acts and omissions complained of herein or a substantial part of the events occurred within the Southern District of New York, venue is proper in this district pursuant to Title 28 U.S.C. Sec. 112(b) and 1391(b).

## THE PARTIES

### Plaintiff

4.      At all times relevant herein, Plaintiff was an adult Hispanic male individual, resident of the County of New York, City and State of New York.

### Defendants

5.      Defendant, City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.      Defendant, City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

7.      At all times relevant herein and hereinafter mentioned, the individually named defendants, Andres Toribio and Ronaldo, whose last name is not known at this time, were duly sworn police officers of said department and were acting under the supervision of said department and according

to their official duties.

8. At all times relevant herein and hereinafter mentioned, defendants, either personally or through their employees, were acting under color of law, statute, charters, ordinances, rules, regulations, customs, usages and/or practices of the State of New York and City of New York.

9. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

10 Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## SUBSTANTIVE FACTS

11. Mr. Lopez was assaulted by the named defendant police officers immediately after his arrest on February 4, 2012.

12. The assault occurred inside the police vehicle while the defendants were transporting Mr. Lopez to central booking.

13. While in transit, Mr. Lopez was handcuffed to another person in custody and told by the defendants that the other person was infected with AIDS.

14. While in transit, Mr. Lopez advised the officers that he suffered from gout and needed to take his medication, and which he was denied the opportunity to do. At that point, one of the defendants threw a water bottle into Mr. Lopez's chest.

15. Once the vehicle reached 100 Centre Street, the vehicle was prohibited from entering the facility due to a water main break.

16. The vehicle then proceeded to a nearby street, took Mr. Lopez out of the vehicle and assaulted him once again, this time behind a garbage truck during the early morning hours.

17. As a result of this assault, Mr. Lopez did suffer injury to his hip, eye, chest and foot as well as emotional pain and suffering.

18. On or about February 5, 2012, Mr. Lopez was transported to Bellevue Hospital where he was treated for the injuries suffered as a result of the assault by the defendants.

## AS AND FOR A FIRST CLAIM

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

20. All the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

21. All of the aforementioned acts deprived plaintiff of the rights privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective

municipality/authority, which is forbidden by the Constitution of the United States.

25. As a direct and proximate result of these actions plaintiff was caused to suffer, <u>inter alia</u>, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights all of which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A SECOND CLAIM

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

27. As a direct and proximate result of these actions plaintiff was caused to suffer, <u>inter alia</u>, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A THIRD CLAIM

28. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein.

29. As a result of defendants' aforementioned conduct, plaintiff was denied proper medical care.

30. As a direct and proximate result of these actions plaintiff was caused to suffer, <u>inter alia</u>, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A FOURTH CLAIM

31. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

32. Defendants did also engage in all of the acts specified herein due to plaintiff's race and/or nationality as a Hispanic person.

33. Defendant's, by these actions did deny plaintiff the equal protection of the laws.

34. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A FIFTH CLAIM

35. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of this Complaint with the same force and effect as if set forth herein.

36. Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices,

procedures and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department are the unconstitutional practices of:

    a)      fabricating evidence against innocent persons;

    b)      arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    c)      violating the free speech rights of persons;

    e)      denial of medical care;

    d)      committing all of the above disproportionately against persons of color and/or Hispanics.

40. The existence of the aforementioned unconstitutional customs and policies may be established from the high rate of repeated occurrences of similar wrongful conduct in the past and that continues.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety and to the constitutional rights of Plaintiff.

42. Defendants, collectively and individually, while acting under color of law, were directly and actively involved in violating the constitutional rights of Plaintiff.

43. Defendants, collectively and individually, while acting under color of law acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

44. Defendants, collectively and individually, while acting under color of law, were directly and

actively involved in conspiring in the violation of the rights of plaintiff.

45. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including, but not limited to, the right;

    A) Not to be deprived of liberty without due process of law;

    B) To be free from unreasonable searches and seizures;

    C) To be free from unwarranted and malicious criminal prosecution;

    D) To be free from cruel and unusual punishment (excessive force);

    E) To receive equal protection under the law;

    F) To be free to exercise free speech;

46. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct.

47. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A SIXTH CLAIM

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint with the same force and effect as if set forth herein.

49. Defendants actions constitute negligent supervision and negligent training.

50. As a direct and proximate result of these actions of defendants, Plaintiff was caused to suffer physical pain and agony as well as too suffer great mental and emotional distress, pain and anguish, which he will continue to suffer as and until this court grants relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) declaring that the acts and practices complained of herein are in violation of Sections 1981, 1983, 1985 and 1988 and related provisions of Title 42 of the United States Code and to also be in violation of the state and national Constitutions;

b) directing Defendants to take such affirmative action as necessary to ensure that these violations are eliminated from the practices of defendants;

c) directing Defendants to pay Plaintiff compensatory damages, and damages for his mental anguish, mental distress, humiliation and interest thereon, and all such other damages and remedies as may be available under all applicable law;

d) awarding Plaintiff the costs and disbursements of this action, together with attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

e) awarding Plaintiff punitive damages against Defendants;

f) retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

g) granting such other and further relief as to this Court seems just and proper.

### DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
May 20, 2014

*Kenneth W. Richardson*
Kenneth W. Richardson, Esq. KR(8701)
Attorney for Plaintiff